# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN W. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-2617-SPM |
| | ) |
| ANNE L. PRECYTHE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff John W. Johnson's motion seeking leave to proceed without prepaying fees and costs. Based on review of the motion and plaintiff's financial information, the Court will grant the motion and waive the filing fee. For the following reasons, the Court will dismiss plaintiff's complaint on initial review under 28 U.S.C. § 1915(e)(2)(B).

## Standard of Review

Pro se complaints filed by non-prisoners are subject to pre-service review pursuant to 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pleaded facts as true. Furthermore, the Court liberally construes the allegations.

## **The Complaint**

Plaintiff brings this action under the Americans with Disabilities Act, Title II, 42 U.S.C. § 12132 ("ADA"), against defendants Anne L. Precythe, Matthew Sturm, Rollin T. Barnes, Karen Boeger, Julie A. Kleffner, and Casey J. Lawrence. Although plaintiff is no longer incarcerated, his allegations arise out of his incarceration at Farmington Correctional Center ("FCC") in Farmington, Missouri. Plaintiff states he was "an ADA recognized disabled inmate" because he suffered from diabetes and bipolar disorder.

Plaintiff alleges that on September 3, 2015, in violation of the ADA, he was denied food for 18.5 hours—from 5:00 p.m. to 11:30 a.m. the following morning. Plaintiff states FCC does not have an ADA coordinator, so he was forced to file his grievance using the FCC's informal resolution request ("IRR") process. He also tried to contact an attorney by telephone. In retaliation for his attempt to contact an attorney, he states he received two conduct violations and was placed in solitary confinement, *i.e.*, the hole. During his confinement in the hole, he states he endured mental abuse because of his bipolar disorder. He also sent a letter to an attorney, but he believes the letter was intercepted by correctional officials. In addition, he states he was assaulted twice, presumably by other inmates, and correctional officials did not file assault charges.

Plaintiff states he suffers post-traumatic stress disorder ("PTSD") as a result of his incarceration at FCC. He has been treated at the Arthur Behavioral Health Center in Mexico, Missouri. Plaintiff states that in late June of 2019, his counselor "thought I might finally be

'mentally' well enough to revisit my 'always intent' to hold accountable the persons who had 'put me through Hell' while at FCC, so that NO OTHER inmate might have to endure what I did." In July and August of 2019, plaintiff attempted to get copy of the IRR he filed in 2015, including filing a Missouri Sunshine Law request, but he has been unable to acquire one. Included with is complaint is a timeline of his requests to obtain the IRR.

As to the specific actionable allegations against each defendant, plaintiff states defendants Matthew R. Sturm and Julie A. Kleffner contracted with Corizon LLC for behavioral health services for inmates. He states the contracts they signed required Corizon LLC to be ADA compliant, and Corizon LLC has never been ADA compliant. As to defendants Anne L. Precythe and Rollin T. Barnes, plaintiff alleges that after his release from custody he incurred three hospitalizations "while dealing with [these defendants] in Jefferson City." Plaintiff implies these post-incarceration interactions with defendants Precythe and Barnes exacerbated his PTSD, requiring the hospitalizations. Finally, defendant Casey J. Lawrence is named as the Director of Missouri Sunshine Law Compliance, and is sued for her refusal to provide plaintiff with a copy of his Informal Resolution Request ("IRR").[1]

For relief, plaintiff seeks $225,000 in damages for lost income due to PTSD and $2 million in punitive damages.

---

[1] Plaintiff also names as a defendant "Julie A. Kleffner, Buyer IV, Office of Administration, Purchasing." *See* ECF No. 1 at 3. Plaintiff states no allegations against Ms. Kleffner, and her name does not appear in the body of the complaint. Her name appears in plaintiff's timeline of events, however, and plaintiff states that Ms. Kleffner had a lobbying relationship with Corizon since 1998, and he was "[c]ertain that the contract was 'illegally' obtained." *See id.* at 9. Plaintiff's allegations against Ms. Kleffner are wholly conclusory and unsupported by facts. The Court will dismiss Ms. Kleffner for plaintiff's failure to state a claim. 28 U.S.C. 1915(e)(2)(B).

## Discussion

"Title II of the ADA states that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Mason v. Corr. Med. Servs., Inc.*, 559 F.3d 880, 886 (8th Cir. 2009) (quoting 42 U.S.C. § 12132). The ADA defines a qualified individual with a disability as:

> [A]n individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2). "[R]ecreational activities, medical services, and educational and vocational programs" at state prisons are benefits within the meaning of Title II and "qualified individual[s] with a disability are entitled to 'meaningful access' to such benefits." *Mason*, 559 F.3d at 886. (quoting *Randolph v. Rodgers*, 170 F.3d 850, 857-58 (8th Cir. 1999)); *see also Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209 (1998) ("Here, the ADA plainly covers state institutions *without* any exception that could cast the coverage of prisons into doubt.") (emphasis in original).

"To show a violation of Title II, [plaintiff] must specify a benefit to which he was denied meaningful access based on his disability." *Mason* 559 F.3d at 888.[2] Although plaintiff alleges he qualifies as disabled because of his diabetes and bipolar disorder, plaintiff has not alleged any specific benefit he was denied based on these conditions. This is fatal to his complaint. *Id.* For example, plaintiff has not alleged that while he was incarcerated at FCC he was eligible for, but

---

[2] Plaintiff alleges generally that Corizon LLC has never been compliant with the ADA. *See* Compl. at ¶2 ("The Request for Proposal (RFP) prepared by Ms. Kleffner required the 'winner' to be ADA compliant. Corizon, LLC, since 1992 has NEVER been compliant with the ADA, Section 504, Article II.").

-4-

was denied, any specific recreational activities, medical services, or educational or vocational programs. *See Yeskey* 524 U.S. at 211. Plaintiff alleges only one violation of the ADA, and that was that he "was denied food for 18 ½ hours (5 p.m. at dinner the previous evening till lunch [at] 11:30 that morning), having taken insulin [at] 6 a.m.)." This allegation is troublesome, however, it does not establish that plaintiff was denied participation in any programs or services because of any disability. *See, e.g., Mason v. Corr. Med. Servs., Inc.*, 559 F.3d 880 (8th Cir. 2009) (finding blind inmate not denied access to prison benefits involving reading and writing where blind inmate could select another inmate to escort him and assist him with his needs). Plaintiff has not shown any violation of Title II, and his complaint will be dismissed.

Although plaintiff brings his complaint only for violations of the ADA, the Court will address plaintiff's additional factual allegations to the extent they might state constitutional claims in violation of 42 U.S.C. § 1983.[3] To the extent plaintiff attempts to allege a constitutional claim of failure to protect based on two alleged physical assaults at FCC, he has not named any defendant with any involvement in these undated assaults. Similarly, to the extent plaintiff attempts to allege any claims arising out of his placement in solitary confinement, denial of access to the courts, or interception of mail, he has made only conclusory allegations and has not named as defendants any officials liable for these alleged violations. Finally, plaintiff's allegations that officials at FCC "trumped up" two conduct violations to "place me in the 'HOLE' so that I might NOT have access to anyone," are conclusory and wholly unsupported by any facts. *See Iqbal*, 556 U.S. at 678. Even *pro se* plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

---

[3] Plaintiff also cites as a basis for jurisdiction the criminal conspiracy statute, 18 U.S.C. § 241. His statement of his claim, however, does not include any allegations regarding any criminal conspiracy.

For the foregoing reasons, the Court will dismiss plaintiff's complaint on initial review under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff's motion for peremptory challenge is **DENIED** as moot. [ECF No. 5]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will accompany this memorandum and order.

Dated this 11th day of June, 2020.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE